OPINION OF THE COURT
Stephen P. Kramer, J.
In this case I am called upon to resolve an internal inconsistency in the provisions of the Omnibus Housing Act of 1983 relating to subletting. One section of the act authorizes landlords to deny tenants permission to sublet when the tenants have established primary residence elsewhere; another section however appears to deny landlords any remedy for a tenant’s sublet in violation of the primary residence rule.
Tenant Sharon Christie resided in a rent-stabilized apartment located at 25 West 76th Street since 1973. The building, a five-story brownstone, now has five apartments and Ms. Christie’s apartment will apparently be deregulated upon her removal. Her lease expires July 15, 1984.
In late 1982, Ms. Christie moved most of her belongings to California in anticipation of her impending marriage to her fiancé who resided in that State. During the following winter and spring, while on intermittent business trips to New York, she removed the remaining valuable possessions from her New York apartment and spent only an occasional night there. She subsequently sublet her apartment to a financially sound acquaintance, moved to California and married her fiancé. While she testified that she *245 “hoped” to return to New York in the spring of 1984, she did not produce any credible evidence that she intends to re-establish a primary residence in New York prior to the expiration of her lease. The landlord therefore had authority to deny the tenant permission to sublet in accordance with the rule articulated in Vance v Century Apts. Assoc. (93 AD2d 701, mot for lv to app granted 94 AD2d 643). The remaining question is how the provisions of the Omnibus Housing Act of 1983 (L 1983, ch 403; hereafter the Act) affect the rule articulated in Vance.
In section 51 of the Act, the Rent Stabilization Law of 1969 (Administrative Code of the City of New York, § YY51-1.0 et seq.) was amended (eff June 30,1983) so as to add new provisions to the Rent Stabilization Code (Code) relating to subletting.* The Code — and therefore the lease in question — must be deemed to include these provisions. Insofar as is relevant here, section 51 requires a landlord to authorize subletting when the tenant can establish that he has maintained the apartment as his primary residence “and intends to reoccupy it as such at the expiration of the sublease” (Administrative Code, § YY51-6.0, subd c, par [14], cl [b]). The statute goes on to provide that the landlord may terminate the tenancy of a tenant who sublets contrary to the terms of the paragraph (par [14], cl [c]), but that “no action or proceeding based on the non-primary residence of a tenant may be commenced prior to the expiration date of his lease” (par [14], cl [c]).
These two provisions — one which authorizes a landlord’s refusal to allow sublets to tenants who have established primary residence elsewhere, and the other which prohibits actions or proceedings “based on the non-primary residence” — appear on their face to be contradictory. On *246 the one hand, if the Rent Stabilization Code’s primary residence requirements are to be enforceable, a landlord must be authorized to institute a holdover proceeding when the requirement is not fulfilled. On the other hand, if the prohibition of actions or proceedings “based on non-primary residence” — which uniformly appears in the subletting provisions of the Omnibus Housing Act — is to have any meaning at all, it must refer to holdover proceedings predicated upon sublets which are unauthorized by virtue of the tenant’s nonprimary residence. For there simply are no other actions or proceedings even related to sublets and primary residency. As stated in Baumrind v Majid (NYLJ, March 17, 1981, p 7, col 2, Price, J.), “[a]n allegation that a dwelling is not * * * a tenant’s primary residence only goes to the issue of whether a landlord is required to offer a renewal lease”. It is not grounds for eviction. (See, also, 815 Park Owners v West LB Admin., 119 Misc 2d 671, Lebedeff, J.)
The landlord’s able counsel contended at oral argument that holdover proceedings such as the one at bar are not “based on” the nonprimary residence of the tenant, but rather are “based on” the unauthorized sublet. For the reasons stated above, I conclude however that these holdover proceedings are based on the nonprimary residence of the tenant as well as on the unauthorized sublet. The instant proceeding is therefore barred until the expiration date of the lease.
Although precluding a holdover proceeding when the tenant has established prime residence elsewhere tends to vitiate subdivision (b), I hold that it is more consistent with the scheme of the statute to read the statutory prohibition of actions or proceedings as governing cases such as this. The landlord is not utterly without remedies — he may refuse to renew the lease when it expires. And under the Omnibus Housing Act the lease expiration is never more than two years away; thus, there is but a limited period of time during which a landlord is precluded from renting to a tenant of his choosing.
Petition dismissed.

 Section 51 amends the Rent Stabilization Law of 1969 (RSL) which petitioner conceded at oral argument applies to this proceeding. Virtually identical provisions were added to the Emergency Tenant Protection Act of 1974 (ETPA) in section 9 (subd [c], par [14]) of the statute, except that ETPA provisions are not effective until 1984 and the phrase “no action or proceeding based on the non-primary residence, of a tenant may be commenced prior to the expiration date of his lease” appears in the ETPA provision in chapter 403 (§ 9, subd [c], par [14], cl [c]) of the Laws of 1983 as opposed to section 51 in the RSL amendment. The transposition is not substantially significant and appears to be a typographical error. The phrase also appears in subdivision (c) in two other sections of the Act. See the second clause denominated “d” of the Omnibus Housing Act (L 1983, ch 403, § 9, subd [c], par [14]; a verbatim repetition of L 1983, ch 403, § 9, subd [c], par [14], cl [c]); see, also, section 57, relating to housing outside New York City.